## H. TIBBE & SON MANUF'G Co. *v.* HEINEKEN.

*(Circuit Court, S. D. New York. July 12, 1890.)*

1. PATENTS FOR INVENTIONS—PATENTABILITY—INVENTION.
   Letters patent No. 205,816, granted July 9, 1878, to Henry Tibbe for a pipe made of corn-cob, the interstices of which are filled from the outside with cement, is not invalid for want of invention.
2. SAME—ANTICIPATION.
   The Jackson pipe, which was a corn-cob pipe having the inside of the bowl lined with cement, was not an anticipation of said patent.

In Equity. Bill for injunction and accounting.

*Paul Bakewell,* for complainant.

*Louis Raegener,* for defendant.

WALLACE, J. The claim of the patent in suit (No. 205,816 to Henry Tibbe, dated July 9, 1878) is:

"As a new article of manufacture, a smoking pipe made of corn-cob, in which the interstices are filled with a plastic, self-hardening cement, substantially as and for the purposes set forth."

Upon first impression, it would seem that the old Jackson pipe is substantially the same thing as the pipe of the present patent. But that was a corn-cob pipe in which the inside of the bowl was lined with a plastic cement, to fire-proof it, whereas the pipe of the patent is one in which the interstices of the cob are filled with cement. These interstices, or cells which hold the corn, are on the exterior of the cob; and although, in some instances, they could be filled from the inside of the bowl, that would not be a practical way of filling them, and when cobs of large or medium size are used for the bowl, as they generally are, the interstices can only be filled from the outside. The specification is addressed to those skilled in the art, and the claim is to be interpreted, as its language naturally imports, as one for a pipe in which the exterior interstices of the cob are filled with a plastic cement. Such a pipe supplies a sweet and porous receptacle for tobacco, having characteristics

which are well understood by smokers to be desirable, and is a very different thing from one with a cement-lined bowl. It did not involve invention of any high order to make such a pipe; but there was enough to convert a poor article into a good one, and supply something to the trade which was new, and the merits of which were immediately and generally recognized. If the defendant chooses to sell the old Jackson pipe, he is at liberty to do so; but he has appropriated the rights of the complainant by selling the pipe of the patent, and must take the consequences. A decree is ordered for an injunction and accounting.