H. TIBBE & SON MANUF'G CO. v. MISSOURI COB-PIPE CO. et al.

(Circuit Court, E. D. Missouri, E. D. April 30, 1894.)

No. 3,685.

1. PATENTS—CORNCOB PIPES.
    "A smoking pipe made of corncob, in which the interstices are filled with a plastic, self-hardening mass or cement," for the purpose of preventing a draft though the interstices of the pipe bowl, and to enable it to be worked to a smooth finish, is infringed by a pipe made from a cob, into whose interstices is pressed fine meal made from parched corn, and the whole then covered with liquid shellac, which permeates the meal, and closes the pores of the cob.

2. SAME.
    Letters patent No. 205,816, for improvement in pipes, held infringed.

Bill by the H. Tibbe & Sons Manufacturing Company against the Missouri Cob-Pipe Company and others for infringement of letters patent No. 205,816, of July 9, 1878, for improvement in pipes. The patent in suit is for a corncob pipe, having its interstices or outer cellular parts filled with a plastic mass; the purpose being to prevent a draft through the interstices in the pipe bowl, and to enable the pipe bowl to be worked to a smooth finish, so as to present a neat and merchantable appearance. The defense made was that there was no infringement. The defendants filled the interstices or outer cellular parts of their corncob pipe bowls with fine cornmeal dust, made from corn which had been previously parched, pressed this dust into the interstices by mechanical means, then applied a coating of liquid shellac to the outer surface of the corncob pipe bowls thus filled, then allowed this coat of shellac or varnish to dry, then sandpapered the corncob pipe bowl, and afterwards applied a finishing coat of shellac. The claim of the Tibbe patent is for a new article of manufacture, and is as follows:

"As a new article of manufacture a smoking pipe made of corncob, in which the interstices are filled with a plastic, self-hardening mass or cement, substantially as and for the purposes set forth."

Paul Bakewell, for complainant.
W. E. Fisse, for defendants.


THAYER, District Judge. The patent and its construction: This patent is for a new article of manufacture, and, although it did not involve a high order of invention, yet it led to the production of a new article,—namely, a corncob pipe having its exterior interstices filled with a plastic, self-hardening mass, which rendered the pipe more durable and efficient. Manufacturing Co. v. Heineken, 43 Fed. 75; Manufacturing Co. v. Lamparter, 51 Fed. 763. Pipes thus made immediately came into great demand, and the result of the invention has been the establishment of a new industry, not on a large scale, but sufficient to give employment to a considerable number of persons. Tibbe was the first person who conceived the idea of filling the exterior interstices of the cob so as to render the pipe more durable. He was the first manufacturer of a pipe of that character. He is accordingly entitled to a liberal interpretation of his claim,—such an interpretation as will protect him, during the life of his patent, in the manufacture of what he has invented, and such an interpretation as will prevent others from appropriating the substance of his invention by a colorable departure from the process of manufacture which he describes. The fact that several attempts have been made by persons engaged in the manufacture of corncob pipes to appropriate the idea which was first suggested by Tibbe, and yet to evade the claim of his patent by one means or another, inclines the court to scrutinize closely, and to view with suspicion, all processes of making corncob pipes, in which the exterior interstices are filled with a gummy or mucilaginous substance, of whatsoever nature. In view of the liberal construction which the patent is entitled to receive, the court holds that finely-pulverized corn meal, made of parched corn,

and mixed to a considerable extent with liquid shellac, must be regarded as a plastic, self-hardening cement, within the meaning of the Tibbe patent, if such a mixture is used to fill the exterior cavities of the cob. Such a mixture undoubtedly sets or hardens, although the elements do not unite chemically; and by so hardening, and adhering to the cavities, the pores of the cob are closed, and the fundamental feature of Tibbe's invention is appropriated. In the case of Manufacturing Co. v. Lamparter, supra, this court held that a mixture of cob dust and corn starch, when treated with alcohol, and used as a filler, was an infringement of the Tibbe patent, and that it made. no difference whether the mixture was made before it was applied to the cob, or whether it was made in the act of applying it. The same ruling was repeated on the application for a preliminary injunction in this case.

The facts: After a careful perusal of the evidence produced on the final hearing of the case, the court has become satisfied that when liquid shellac is applied to the exterior surface of the cob, according to the process now in use by the defendants, it penetrates, to some extent, into the finely-pulverized corn meal with which the interstices have previously been filled, and thereby forms a mixture which hardens, and adheres to the cavities, and effectually closes the pores of the cob. I have no doubt that it is true that there are many cavities that are of such depth that the liquid shellac does not penetrate to the bottom of the same, at their deepest point. On the other hand, it is evident that many of the cavities are so shallow that the liquid does penetrate, practically, to the bottom of the cavity, and that it serves to fill the entire space with a homogeneous mass, which is self-hardening. It must also be borne in mind that the cavities of the cob, at their point of greatest depth, are quite shallow, and that the sides thereof slope; so that, in any event, it seems most probable that by the application of liquid shellac a considerable portion of the corn meal in each cavity is saturated, and formed into a cement. Enough is so saturated to effectually hold the filling in place, and bind it to the cob. I can conceive of no sufficient reason for filling the cavities with corn meal, and then applying liquid shellac, unless it is intended to penetrate the filler, to some extent, and make it adhesive and self-hardening. The court does not consider it necessary, to establish the charge of infringement, that the proofs should show that the liquid shellac penetrates to the bottom of all the cavities, and forms throughout each cavity a homogeneous mass. It is sufficient, the court thinks, that enough of the mass is permeated by the liquid to change its original character in part, bind it to the cavity, and effectually close the pores of the cob. Upon the whole, therefore, the court has concluded that the charge of infringement is established, and that a decree should be rendered in favor of the complainant. It is so ordered.